# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **AGRANA FRUIT SERVICES, INC.** | : | **Case No. 1:07 CV 3887** |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| | : | |
| **IVAN WARE & SON, INC. d/b/a/ WARE,** | : | **ORDER** |
| | : | |
| **Defendant.** | : | |

This case is before the Court on the Plaintiff's *Motion to Remand* (Doc. 7), filed on January 28, 2008. On February 6, 2008, the Defendant filed a response *consenting* to remand to State Court (Doc. 9.) As explained in further detail below, the Plaintiff's *Motion to Remand* is hereby **GRANTED**.

This case was originally filed in the Cuyahoga County Court of Common Pleas. *See* Doc. 1. On December 27, 2007, the Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Id*. The Plaintiff's motion for remand does not contest the diversity of the parties, but argues that this Court cannot exercise diversity jurisdiction under § 1332(a) because the amount in controversy is less than $75,000.00. *See* Doc. 7.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). In the face of a motion to remand, the removing party has the burden of proving that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000), *cert. denied* 532 U.S. 953 (2001).

In this case, the removing party – the Defendant -- is not even attempting to argue that this Court has jurisdiction.  Instead, the Defendant *consents* to remand based on the Plaintiff's declaration that the amount in controversy is less than $75,000.00.  *See* Doc. 7-3.  Specifically, the Plaintiff stated in a sworn declaration that they are seeking $38,293.84 in compensatory damages and not more than $15,000.00 in consequential and incidental damages.  *Id.*  Therefore, the motion to remand is *unopposed*.

Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) has not been satisfied and the Court does not have subject-matter jurisdiction over this case.  The Plaintiff's motion to remand (Doc. 7) is **GRANTED as unopposed**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
_____
**KATHLEEN  McDONALD  O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

DATED:  February 19, 2008

2